# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FOSTER LEE TARVER,** | : | Civil No. 3:18-CV-2071 |
| | : | |
| Petitioner | : | (Judge Mannion) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **PA BOARD OF PROBATION AND PAROLE, et al.,** | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM ORDER

## I. INTRODUCTION

One of the statutory prerequisites to a state prisoner seeking habeas corpus relief in federal court is that the prisoner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The instant case presents a model of an unexhausted petition, since the petitioner, Foster Lee Tarver, acknowledges that he has not fully exhausted his state-court remedies prior to filing the instant petition. The question we confront is whether Tarver's petition should be dismissed without prejudice to his right to refile following the conclusion of his state-court proceedings, or whether this case qualifies for "stay and abeyance" pending the completion of his state appeals.

1

On October 25, 2018, the Court received Tarver's petition for a writ of habeas corpus. (Doc. 1.) In the petition, Tarver challenges his 1969 conviction for first-degree murder and related offenses, and his resulting sentences. The petition indicates that following his conviction, Tarver received a mandatory sentence of life in prison for the murder conviction, 10-to-20 years for robbery, 1 ½ -to-4 years for unlawful carrying of a firearm, and 1 ½ -to-3 years for conspiracy. Tarver was a juvenile when he committed these offenses.

In 2012, the United States Supreme Court decided <u>Miller v. Alabama</u>, 567 U.S. 460 (2012), holding that mandatory sentences of life without parole for juveniles convicted of homicide violates the Eighth Amendment to the United States Constitution. Weeks after <u>Miller</u> was issued, Tarver filed a petition under Pennsylvania's Post-Conviction Relief Act seeking to be resentenced. It appears that Tarver's resentencing hearing was held on October 30, 2017, and that he was represented at this hearing by Mary Lynn Klatt, First Assistant in the Dauphin County Public Defender's Office. The petition does not indicate what happened at the resentencing and does not indicate what new sentence Tarver may have received. Tarver represents that he has filed an appeal with the Pennsylvania Superior Court, and it appears that his appeal remains pending at this time.

Tarver acknowledges that he has not fully exhausted his state-court remedies prior to filing the instant petition for habeas relief but suggests that he has filed the

petition because he believes that his "appeal is in jeopardy" (Doc. 1, at p. 13). Tarver represents that he is asking this Court to enter an Order to stay and abey consideration of the merits of the petition, pending the completion of the state-court appeals process.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

To obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing

that those violations are so great as to be of a constitutional dimension. See <u>Priester v. Vaughan</u>, 382 F.3d 394, 401-02 (3d Cir. 2004).

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See <u>Whitney v. Horn</u>, 280 F.3d. 240, 250 (3d Cir. 2002). This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing

the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

When presented with a plainly unexhausted petition, like Tarver's petition, the court has several courses available to it. First, the court can dismiss the petition without prejudice, so that the petitioner can either return to state court and totally exhaust his claims or proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982). This total exhaustion approach facilitates the important goals of federalism and comity that

6

are essential to the exhaustion rule and allows for complete legal and factual development of these cases in the state legal system before petitions are presented in federal court.

However, because strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners, the courts have adopted another procedure which may be employed in a limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). Yet, although granting a stay and abeyance is an available procedure, it is not a preferred course of action in these cases. Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has held that:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

<u>Rhines v. Weber,</u> 544 U.S. at 277. Therefore, in order to qualify for a stay and abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out

in Rhines*:* good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

Based upon the representations Tarver makes in his spare petition for federal habeas corpus relief, the petition presents claims that are unexhausted, and which may be the subject of a current appeal pending before the Pennsylvania Superior Court. As noted, in most cases this would compel the Court to dismiss Tarver's claims without prejudice to him refiling those claims once his state-court proceedings had concluded. However, Tarver has indicated that he believes this case qualifies for stay and abeyance pending the conclusion of those state proceedings, apparently because of concerns over some of his claims being deemed time-barred under federal law.

Because Tarver's petition is somewhat unclear, and because we believe it is appropriate to err on the side of caution before entering an Order dismissing the petition, we find that the better course in this case is to have the petition served and to require the respondents to provide a short response limited to summarizing the current posture of Tarver's state appeals, and to indicating whether the respondents take a position as to whether the claims in this case should be stayed pending the disposition of those appeals, or whether the case should be dismissed without prejudice as prematurely filed.

## III. **ORDER**

Accordingly, IT IS HEREBY ORDERED THAT

1. The Clerk of Court shall serve the petition upon the Pennsylvania Office of Attorney General and the District Attorney for Dauphin County.

2. On or before **Friday, November 30, 2018**, the respondents shall file a response to the petition limited to summarizing the current posture of Tarver's state appeals, and to indicating whether the respondents take a position as to whether the claims in this case should be stayed pending the disposition of those appeals, or whether the case should be dismissed without prejudice as prematurely filed.

So Ordered this 30th day of October, 2018.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge
